

**Rebekah R. Conroy**
**rconroy@stoneconroy.com**

July 25, 2025

**VIA ECF**
The Honorable Leda D. Wettre, U.S.M.J.
United States District Court
50 Walnut Street
Newark, New Jersey 07101

        *Re:*    *Axsome Malta Ltd., et al., v. Alkem Laboratories Ltd., et al.*
              *Civil Action No. 23-20354 (MCA)(LDW) (consolidated)*

Dear Judge Wettre:

Together with Wiley Rein LLP, we represent Defendant Alkem Laboratories Ltd. ("Alkem"). We write in response to the Court's Order for a supplemental letter brief regarding Alkem's noticed deposition witnesses (Doc. No. 154).

At the July 10, 2025 oral argument on Plaintiffs' application to compel in-person depositions (Doc Nos. 142, 147, 150), Plaintiffs suggested that the presumption that a defendant should be deposed at the defendant's domicile or principal place of business does not apply to a foreign defendant. Your Honor asked the parties to further address this issue.

Plaintiffs' position is untenable. The Supreme Court has long emphasized that "American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987).

Thus, far from not applying here, courts have in fact held that "[w]hen a defendant is domiciled in a foreign country the presumption that the deposition should occur at a foreign defendant's place of residence may be even stronger." *Alexis v. Rogers*, No. 15-cv-691, 2016 WL 11707613, at *2 (S.D. Cal. Oct. 21, 2016) (internal citations and quotation marks omitted). While courts have made occasional exceptions to the presumption, absent "exceptional or unusual circumstances, [the] presumption applies with no less force when the defendant is domiciled in another country" and thus "a foreign corporation's Rule 30(b)(6) and managing agent witnesses should presumptively

25A Hanover Road, Suite 301
Florham Park, New Jersey 07932
Tel 973-400-4181 / Fax 973-498-0070
www.stoneconroy.com

*Honorable Leda D. Wettre, U.S.M.J.*
*July 25, 2025*

be deposed in the district of the corporation's principal place of business." *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471-72 (E.D. Va. 2010) (internal citations and quotation marks omitted); *see also, e.g.*, *S.E.C. v. Banc de Binary*, No. 2:13-cv-993, 2014 WL 1030862, at *9 (D. Nev. Mar. 14, 2014) ("there is generally a strong presumption that foreign defendants should be deposed at their principal place of business or near their residence."); *Casun Inv., A.G. v. Ponder*, No. 216-cv-02925, 2018 WL 11290228, at *3 (D. Nev. Sept. 13, 2018) ("This presumption may be even stronger when a foreign defendant is involved."); *Swimways Corp. v. Zuru, Inc.*, No. 2:13-cv-334, 2014 WL 12603190, at *1 (E.D. Va. June 6, 2014) ("Accordingly, as a foreign corporate defendant/compulsory counterclaimant, Zuru is entitled to the presumption that the Plaintiffs' Rule 30(b)(6) deposition should occur in China, its principal place of business."); *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) (applying the presumption that "a party seeking discovery must go where the desired witnesses are normally located" to defendant located in the Netherlands); *Huynh v. Werke*, 90 F.R.D. 447, 449 (S.D. Ohio 1981) (ordering that the depositions of defendant's officers should take place at its principal place of business in West Germany).

Moreover, the presumption applies with particular force where a plaintiff notices multiple foreign employees for deposition.  When a plaintiff noticed seven employees of a Taiwanese corporation for deposition (the same number noticed by Plaintiffs here), the Central District of California applied the presumption to "prohibit[] the Rule 30(b)(6) deposition of plaintiff corporation and the Rule 30(b)(1) depositions of plaintiff's directors, officers and managing agents from taking place in Los Angeles and requiring instead that the depositions take place in Taiwan in accordance with the Federal Rules of Civil Procedure." *Unihan Corp. v. Max Grp. Corp.*, No. 09-cv-7921, 2010 WL 11549384, at *4 (C.D. Cal. Oct. 12, 2010).

In short, "a foreign corporation's Rule 30(b)(6) . . . witnesses should presumptively be deposed in the district of the corporation's principal place of business" and "when the plaintiff seeks to depose the defendant at a location other than the defendant's place of business and the defendant objects, the plaintiff has the affirmative burden of demonstrating 'peculiar' circumstances which compel the court to order the depositions to be held in an alternate location." *Merianos v. Merry Chance Indus. Ltd.*, No. 10-cv-2357, 2011 WL 13214089, at *2 (C.D. Cal. Aug. 8, 2011) (internal citations and quotation marks omitted).  Plaintiffs have not, and cannot, point to any exceptional or peculiar circumstances here.  As such, the presumption that Alkem's employees should be deposed at Alkem's principal place of business applies with full force, and Plaintiffs' motion to compel U.S. depositions here should be denied.

*Honorable Leda D. Wettre, U.S.M.J.*
*July 25, 2025*

## Individual Witnesses

The Court's July 11, 2025 Order (Doc. No. 154) directed Defendants to provide the following information for each of the noticed deposition witnesses: (1) the date the deposition notice was received; (2) the date the witness applied for a travel visa and the status of such application; and (3) any other factors relevant to the witness's ability to travel to the United States. Alkem provides the requested information for the seven Alkem witnesses noticed for deposition below. Two of the witnesses were identified on Alkem's initial disclosures and were discussed in Plaintiffs' motion to compel. The other five witnesses were noticed for deposition after Plaintiffs filed their motion to compel and do not appear on Alkem's initial disclosures.

### I. Witnesses Identified in Hetero's Initial Disclosures

The following witnesses were identified by Alkem in its initial disclosures and were noticed for deposition on March 17, 2025.

**Ujwal Chhabra**

Plaintiffs served a deposition notice for Mr. Chhabra on March 17, 2025. Mr. Chhabra has a U.S. visa.

**Roshanlal Sandal**

Plaintiffs served a deposition notice for Mr. Sandal on March 17, 2025. Mr. Sandal applied for a U.S. visa on May 2, 2025. His appointment with the U.S. Consulate in Mumbai, India was previously scheduled for October 2026 but is now currently scheduled for July 8, 2026.

### II. Witnesses Noticed for Deposition After Plaintiffs Filed Their Motion to Compel

The following witnesses were not identified by Alkem in its initial disclosures and were first noticed for deposition on June 9, 2025, after Plaintiffs filed their motion to compel.

**Jayprakash Parihar**

Plaintiffs served a deposition notice for Mr. Parihar on June 9, 2025. Mr. Parihar does not have a U.S. visa. Mr. Parihar left Alkem's employment on June 17, 2025 and is no longer under Alkem's control.

**Prashant Pawar**

Plaintiffs served a deposition notice for Mr. Pawar on June 9, 2025. Mr. Pawar is in the process of applying for a U.S. visa. It is Alkem's understanding that the current earliest available visa interview dates are in October and November of 2026.

*Honorable Leda D. Wettre, U.S.M.J.*
*July 25, 2025*

**Md Rizwan**

Plaintiffs served a deposition notice for Mr. Rizwan on June 9, 2025.  Mr. Rizwan has a U.S. visa.

**Abhijit Varma**

Plaintiffs served a deposition notice for Mr. Varma on June 9, 2025.  Mr. Varma has a U.S. visa.

**Satyanarayana Tallam**

Plaintiffs served a deposition notice for Mr. Tallam on June 9, 2025.  Mr. Tallam has a U.S. visa. He will officially retire from Alkem at the end of this month.  Mr. Tallam has agreed to continue to assist Alkem through a short transition period and has agreed to make himself available for a remote deposition. Mr. Tallam had spinal surgery earlier this year and is experiencing postoperative complications.  He has been instructed by his physician to minimize travel due to these complications.

Alkem has offered to make Mr. Tallam available for remote deposition August 25-28 beginning at 8 a.m. IST, and counsel for both parties are available for a remote deposition on August 26. Counsel for Plaintiffs have offered August 25-27 for an in-person deposition.  While Mr. Tallam has a travel visa, he is advised by his physician not to travel for the reasons described above.

## Conclusion

For all the foregoing reasons, Alkem respectfully requests that this Court deny Plaintiffs' motion.

Respectfully submitted,

/s/ Rebekah R. Conroy
Rebekah R. Conroy

BTR/rrc
cc: All counsel via ECF